FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2014 FEB -4 P 2: 51

CLERK'S OFFICE
AT BALTIMORE

DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MARY JANE WEISER, | |
| Plaintiff, | |
| v | Civil Action No. JKB-14-231 |
| MARY H. JEWELL, Living Trust<br>BETTY ANN BRYANT, Trustee<br>EDWARD JEWELL, Trustee<br>BENSON TARRANT FOGLE | |
| Defendants | |

## MEMORANDUM

Plaintiff Mary Jane Weiser brings this action against defendants for fraud and mismanagement of trust funds based on diversity of citizenship jurisdiction, 28 U.S.C. § 1332,[1] and requests permission to proceed in forma pauperis. Plaintiff is not eligible to proceed as an indigent since her financial information shows her monthly income of $2,940 exceeds stated expenses, and the motion to proceed in forma pauperis will be denied. Further, the court finds no basis to exercise jurisdiction over this matter and this case will be dismissed without prejudice.[2]

The jurisdiction of the federal courts is limited. Federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $ 75,000.00. *See* U.S. Const. Art. 3 § 2; 28 U.S.C. §§ 1331 & 1332. There is no presumption that jurisdiction is vested in the court. *See Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999). The burden of establishing subject matter jurisdiction rests on the

---

[1] Plaintiff provides no cognizable basis for federal question jurisdiction.

[2] Plaintiff may wish to pursue her claims in the state courts of Maryland. This court expresses no opinion regarding the merits of her claims.

party invoking the jurisdiction of the court. *See Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982).

The diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties. Complete diversity of parties means that no party on one side may be a citizen of the same state as any party on the other side. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372–74 & nn. 13–16 (1978); *see also Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 553 (2005); 28 U.S.C. § 1332(c)(1)(B) ("[A] corporation shall be deemed to be a citizen of every State ... by which it has been incorporated"). In this case, plaintiff and defendants Betty Ann Bryant and Edward Jewell are shown as Maryland residents. A Maryland address is also shown for the trust at issue. Defendant Benson Tarrant Fogle is listed as a District of Columbia resident. Under the facts provided, there is no basis for diversity jurisdiction under 28 U.S.C. § 1332 because plaintiff shares Maryland citizenship in common with two of the defendants.

For this reason, the complaint will be dismissed for lack of jurisdiction without prejudice. *See* Fed.R.Civ.P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). A separate order consonant with this memorandum follows.

DATED this __3__ day of February, 2014.

BY THE COURT:

_____
James K. Bredar
United States District Judge